## NEW YORK COMMON PLEAS.

### JOHN D. LEWIS and others agt. HERMAN FOX.

The *marine court* of the city of New York, on review upon *appeal* at general term of the judgments rendered by any of its justices, can only allow the same *costs* and *disbursements* on such appeals, as on appeals from justices' courts to this court. These costs and disbursements are specified in § 371 of the Code.

And this is so, notwithstanding that by a rule of the marine court an appellant is required to *print* his *case and points* upon an appeal taken to the general term.

*New York General Term, October*, 1860.

*Present*, DALY, BRADY *and* HILTON, *Judges.*

THIS case came up before the general term of the common pleas, on appeal from the marine court.

By the court, HILTON, J. This action was commenced in the marine court, by warrant of attachment issued by one of the justices of that court, under the provisions of the §§ 31 and 35 of the act to abolish imprisonment for debt, &c., passed April 26, 1831. On the return of the warrant the plaintiffs had judgment, which on appeal to

the general term of that court, was reversed, and judgment finally given for the defendant, upon the ground, as it seems, that the affidavit on which the attachment was granted did not state sufficient to authorize the issuing of such a process, and therefore the court acquired no jurisdiction of the suit. On the reversal the general term awarded the defendant $48.96 costs and disbursements, and for which judgment has been entered.

The plaintiff having appealed, asks us to review the judgment in respect to the sufficiency of the affidavit referred to; and also as to the right of expenses incident to the filing of any transcript of the judgment. The items mentioned in § 371 of the Code, added to the justice's fee of $2 for his return, constitute all the fees of officers and disbursements which can be allowed by us on appeal from justices' courts; and it follows that the marine court cannot, under the provisions of the act of 1853, referred to, allow any other.

But it is said that by a rule of that court, an appellant is required to print his case and points upon an appeal taken to the general term, and that this expense must therefore be considered as a necessary disbursement, to be allowed as part of the costs to be awarded in the final judgment.

Our only answer to this is, that the legislature has restricted this court in the amount of costs and disbursements which we may award upon appeals from justices' courts and the marine court, as already shown, is restricted in like manner and to the same extent. By § 365 of the Code, we are required to hear all such appeals upon the original papers, and it is therein expressly declared that no copy need be furnished for the use of the court. A provision of so positive a character we have always supposed denied the marine court the power to award the costs thus imposed upon the plaintiff.

Upon the first ground stated, we are of opinion that the affidavit was clearly insufficient to justify the issuing of the attachment, and the marine court was right in so holding.

As to the second, a brief reference to the several statutes upon the subject of costs in the marine court, will show that the sum allowed is much beyond the power of that court to award to a respondent upon appeal in any case. The act of July 21, 1853 (*Laws* 1853, *p.* 1165), under which the marine court derives the power to review, upon appeal at general term, the judgments rendered by any of its justices, allows the same costs and disbursements on such appeals as on appeals from justices' courts to this court; and these are specified in § 371 of the Code, which provides that there shall only be allowed, on such appeals, to the appellant on reversal $15, and to the respondent on affirmance $12, with the fees of officers and disbursements in addition, and which consist of the sheriff's or constable's fees, and the sums paid to the clerk during the progress of the cause, or for any copies of papers made by him, and necessary to be procured, together with the right to impose upon either party to such appeals any expense, in the way of either copying or printing of papers to be used on the argument of the appeals before us; and we have no doubt that if we should require such an expense to be undergone, the party incurring it would not be entitled to have it allowed him as a disbursement within the meaning of § 371.

Entertaining these views, we are of opinion that in the present case the marine court has exceeded its powers, by giving judgment in favor of the defendant for a greater amount of costs and disbursements than the law authorized. The judgment must therefore be reduced to the costs and disbursements which are usually allowed in this court, and thus modified, it will be affirmed, without costs of this appeal to either party.